**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAVID YURMAN ENTERPRISES LLC, DAVID YURMAN RETAIL LLC, and DAVID YURMAN IP LLC,

Plaintiffs,

v.

ROYAL CHAIN INC. (d/b/a ROYAL CHAIN GROUP),

Defendant.

1:23-CV-8224 (JSR)

**[PROPOSED]**
**PROTECTIVE ORDER**

---

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order--shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from

any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential—Attorney's Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (b) previously nondisclosed material relating to ownership or control of any non-public company;

    (c) previously nondisclosed business plans, product development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual; or

    (e) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material

may designate as Highly Confidential—Attorney's Eyes Only only such portion of such material as consists of:

    (a)  Information that would otherwise be designated as Confidential in accordance with Paragraph 2 of this Protective Order, but which also constitutes trade secrets or highly sensitive business information that such person believes in good faith would create a risk of harm to personal, commercial, financial, strategic or business interests of such person or its employees, customers, or clients, or would put such person at a material competitive disadvantage, if such information were to be disclosed to officers and employees of the party to which such information is produced; or

    (b)  any other category of information hereinafter given Highly Confidential—Attorney's Eyes Only status by the Court.

4.   With respect to the Confidential or Highly Confidential—Attorney's Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential—Attorney's Eyes Only"

the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, and other pretrial testimony, a party may designate such material as Confidential or Highly Confidential—Attorney's Eyes Only in the following manner: by (i) a statement on the record, by counsel, that certain information or testimony is Confidential or Highly Confidential—Attorney's Eyes Only Discovery Material, or (ii) written notice, sent by counsel to all parties within 30 business days of receipt of the final transcript, stating that the entire deposition transcript and exhibits, or testimony, or portions thereof, is so designated. All depositions and exhibits, and other pretrial testimony, will be deemed to be Highly Confidential—Attorney's Eyes Only until the expiration of the thirtieth business day after counsel receive a copy of the final transcript thereof, after which such deposition and exhibits, and other pretrial testimony, will be treated in accordance with its confidentiality designation, if any. Only those portions of the transcripts and exhibits, and other pretrial testimony, designated as Confidential or Highly Confidential—Attorney's Eyes Only in the litigation will be deemed Confidential Discovery Material or Highly Confidential—Attorney's Eyes Only Discovery Material, respectively. The parties may modify this procedure for any particular

deposition or other pretrial testimony, through an agreement on the record at such deposition or testimony, without further order of the Court.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced should be designated as Confidential or Highly Confidential—Attorney's Eyes Only, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential—Attorney's Eyes Only, as the case may be, under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

> (a) an officer, director, or any other senior executive employee of a named party to this action, as well as any employee that is identified as a witness or potential witness, to the extent that such person has a need to review the Confidential Information in connection with the prosecution or defense of this litigation and to the extent that such person is informed of his or her obligations

under this Protective Order;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) subject to Paragraph 9 of this Protective Order, any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator;

(g) independent litigation support services,

including outside copying/imaging services, outside litigation support services, electronic discovery vendors, vendors engaged to prepare graphic or visual aids, jury or trial consulting services, and mock jurors retained by counsel and reasonably necessary to assist counsel with the litigation;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) the Court and its support personnel.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential—Attorney's Eyes Only to any other person whomsoever, except those individuals identified in subparagraphs 6(b)-(i) above.

8. Prior to any disclosure of any Confidential or Highly Confidential—Attorney's Eyes Only Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition

or trial) or at the conclusion of the case, whichever comes first.

9. Confidential and Highly Confidential—Attorney's Eyes Only Discovery Material may be disclosed to a person identified in subparagraph 6(e) above only to the extent necessary for such person to prepare a written opinion, to prepare to testify, or to assist counsel for a party in the prosecution or defense of this litigation, and provided that such person (i) is not currently an employee of, advising, consulting, or discussing employment with any adverse party to this litigation, as far as the person can reasonably determine, and (ii) is using said Confidential or Highly Confidential—Attorney's Eyes Only Discovery Material solely in connection with this litigation.

Prior to a party giving, showing, disclosing, making available, or communicating Highly Confidential—Attorney's Eyes Only Discovery Material produced by another party to a person identified in subparagraph 6(e) above, that party shall provide to the producing party a copy of the person's curriculum vitae and a copy of the Non-Disclosure Agreement signed by the person. The producing party shall be entitled to object to the disclosure of the Highly Confidential—Attorney's Eyes Only Discovery Material to the person identified by the other party within forty-eight (48) hours

after receipt of the executed copy of the Non-Disclosure Agreement. In the event an objection is made, counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure during the course of the next business day. If an agreement cannot be reached promptly, counsel for all affected persons will convene an immediate joint telephone call with the Court to obtain a ruling. The burden shall be on the objecting party to show the Court why the disclosure should not be made. If an objection is made, no Highly Confidential—Attorney's Eyes Only Discovery Material shall be made available to the person at issue unless and until the Court rules that disclosure is permitted. Nothing herein shall obligate any party to disclose any consulting expert as a testifying expert or serve as grounds for a missing witness or similar adverse finding if a consulting expert is not ultimately called to testify at trial.

10. All Confidential or Highly Confidential—Attorney's Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential—Attorney's Eyes Only Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party

filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Highly Confidential-Attorney's Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential or Highly Confidential—Attorney's Eyes Only Discovery Material.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "outside counsel's eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential—Attorney's Eyes Only Document or information contained in any Confidential or

Highly Confidential—Attorney's Eyes Only Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential—Attorney's Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that the parties' attorneys of record may retain a single copy of such Discovery Material designated as "Confidential," or "Highly Confidential-Attorney's Eyes Only,"

solely for internal record keeping purposes.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

_____          _____
                                   Jana Slavina Farmer

Dated:   December 5, 2023          Dated:   December 5, 2023

**SO ORDERED.**

_____
JED S. RAKOFF, U.S.D.J.

**Dated:**   New York, New York
             12/6/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID YURMAN ENTERPRISES LLC, DAVID
YURMAN RETAIL LLC, and DAVID YURMAN
IP LLC,

Plaintiffs,

v.

ROYAL CHAIN INC. (d/b/a ROYAL CHAIN
GROUP),

Defendant.

---

1:23-CV-8224 (JSR)

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and Highly Confidential—Attorney's Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential—Attorney's Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____