# GISHPLLC

41 MADISON AVENUE, FLOOR 31
NEW YORK, NY 10010
(212) 518-2000 | ANDREW@GISHPLLC.COM

JANUARY 25, 2024

**VIA ECF**
The Honorable Jed S. Rakoff
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007

    Re:    *David Yurman Enterprises LLC, et al. v. Royal Chain Inc. (d/b/a Royal Chain Group)*, No. 1:23-cv-8224-JSR (S.D.N.Y.)

Your Honor,

    As authorized by the Court on December 5, 2024, Plaintiffs, by and through their undersigned counsel, file herewith their proposed Hague Conventions Letters of Request directed to the Ministry of Foreign Affairs in Rome, Italy.  Plaintiffs respectfully request that the Court sign the attached proposed Letters of Request pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), 28 U.S.C. § 1781.  Defendant has been given an opportunity to review Schedule 2 to the Letters of Request, setting forth the proposed questions to be asked to the foreign entities from which discovery is sought, and to suggest its own questions to be added, but indicated that it had no additions to make.

    As the United States and Italy are both signatories to the Hague Convention, letters of request are the means by which this Court can formally request that a court in Italy "lend its judicial assistance in obtaining evidence or performing some other judicial act."  *Blagman v. Apple, Inc.*, No. 12 CIV. 5453 (ALC) (JCF), 2014 WL 1285496, at *3 (S.D.N.Y. Mar. 31, 2014); *see also Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15 CIV. 2106 (ER), 2018 WL 2958361, at *2 (S.D.N.Y. June 13, 2018) ("Application for a letter of request to take testimony pursuant to the Hague Convention is an appropriate mechanism for obtaining discovery of a non-party witness in a foreign country.") (citation omitted).

    Pursuant to the Hague Convention, letters of request must provide certain information concerning the lawsuit and the discovery sought, including "the evidence to be obtained or other judicial act to be performed."  23 U.S.T. 2555, art. 3(d).  As set forth in Plaintiffs' proposed Letters, Plaintiffs are seeking oral testimony from Italian entities identified by Defendant as assisting in the manufacturing and design of the jewelry products that Plaintiffs have alleged infringe Plaintiffs' trade dress, trademark, and copyrights.  These entities are in possession of unique evidence—allegedly not in the possession, custody, or control of Defendant—that directly bears on Plaintiffs' infringement claims.

1

Plaintiffs respectfully request that the Court sign two copies each of the attached proposed Letters of Request and that, following the Court's approval of the Letters of Request, the Clerk of the Court authenticate the Court's signature under the seal of the Court (where indicated) and then return the two copies each of the Letters of Request to counsel for Plaintiffs, accompanied by an authorization for counsel to transfer the Letters of Request to the appropriate authorities. Counsel will then promptly cause the Letters of Request to be transmitted to the appropriate authorities, in conformity with Article 2 of the Hague Convention.

We thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Andrew D. Gish*
Andrew D. Gish

John M. Neukom (*pro hac vice*)
**Debevoise & Plimpton LLP**
650 California Street
San Francisco, CA 94108
Tel: (415) 738-5719
jneukom@debevoise.com

Andrew D. Gish (Bar No. 4918454)
andrew@gishpllc.com
Michael M. Powell (Bar No. 5263876)
michael@gishpllc.com
David M. Lamb (Bar No. 5283023)
david.lamb@gishpllc.com
Raymond J. Bilderbeck (Bar No. 4883328)
ray@gishpllc.com
**Gish PLLC**
41 Madison Avenue, Floor 31
New York, NY 10010
(212) 518-2000

*Counsel for Plaintiffs*

cc: All counsel of record (via email)

Attachments